IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: _____

| | |
|---|---|
| POSANA, INC., a North Carolina corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY,<br><br>                    Defendant. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Twin City Fire Insurance Company ("Twin City" or "Defendant"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Asheville Division. A copy of this Notice is being filed with the Clerk of the Superior Court of Buncombe County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Twin City states the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1. This is a first-party property insurance coverage dispute.

2. On or about July 15, 2025, Plaintiff, Posana, Inc. ("Posana" or "Plaintiff"), filed a legal complaint against Twin City in the Superior Court Division of Buncombe County, North Carolina (the "Complaint"). The Complaint bears case no. 25CV004297-100 (the "State Court Action"). *See Exhibit A, Plaintiff's Complaint.*

3. On or about July 21, 2025, Plaintiff served a copy of the Complaint upon Twin City's Registered Agent, C T Corporation System, Indianapolis, IN ("CT Corporation"). *See Exhibit B, CT Corporation Service of Process Notification.*

1

4. The time for Twin City to respond to the Complaint or remove this action to Federal Court has not yet expired.

5. In sum, Plaintiff alleges that Twin City issued an insurance policy to Plaintiff (the "Policy"); that such Policy affords certain insurance coverage for the operation of Plaintiff's commercial property located at 1 Biltmore Avenue in Asheville, North Carolina (the "Property"); and that on September 26, 2024, in anticipation of Hurricane Helene, Plaintiff closed its business, which remained closed until November 1, 2024, and caused a loss of revenue. Plaintiff submitted an insurance claim to Twin City that Twin City did not pay. *See Ex. A, Compl., ¶¶5-11 and 15-16. See also Exhibit C, certified copy of the Policy.*

6. Plaintiff asserts a Cause of Action for Breach of Contract against Twin City. *See Ex. A, Compl., ¶¶12-17.*

7. Via this Cause of Actoin, Plaintiff seeks actual damages, costs, and attorneys' fees, among other relief. *Id., ¶¶12, 17, and p. 3.*

8. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446(b)(3), 1446(c)(1), and all applicable law, Twin City now removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

9. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States ...." *Id.* Here, both criteria are met.

**I.    Complete Diversity of Citizenship Exists.**

10. According to the Complaint, Plaintiff is a North Carolina corporation which

conducts business in Buncombe County, North Carolina. *See Ex. A, Compl., ¶1.*

11. Defendant, Twin City is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana.

12. Given that Plaintiff and Defendant are the only Parties to this Action and are citizens of different States, complete diversity between the Parties exists.

## II. **The Amount in Controversy Exceeds $75,000.00.**

13. As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Plaintiff alleges that it closed its business from September 26, 2024 through November 1, 2024, and that as a result, it incurred losses from spoiled inventory, lost sales revenue, costs to obtain potable water, and other related losses and expenses. *See Ex. A, Compl., ¶12.* Plaintiff further seeks costs and attorneys' fees. *Id., p. 3.*

15. Counsel for Plaintiff informed counsel for Twin City that, based on annual revenues and a preliminary review of Plaintiff's financial records, Plaintiff's financial losses between September 26, 2024 and November 1, 2024 exceed $300,000.00. *See Exhibit D, Affidavit of L. Andrew Watson.*

16. Here, without including attorneys' fees or any other damages, Plaintiff's claimed damages total at least $300,000.00, in excess of the jurisdictional threshold.

17. Further, the Policy contains a $1,100,000 Business Personal Property Limit and a $50,000 Business Income Limit. *See Ex. C, pp. 14, 24.*

18. Therefore, the amount in controversy in this Civil Action exceeds $75,000.00 <u>before</u> including attorneys' fees and costs.

19. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the

amount in controversy exceeds $75,000.00.

## LEGAL ARGUMENT

20. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

21. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Twin City, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

22. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Buncombe County, North Carolina.

23. Copies of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court Action, are attached hereto as *Exhibits E and F,* respectively.

24. This Notice of Removal is not a waiver of Twin City's defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Twin City may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Twin City Fire Insurance Company, removes the above-captioned Civil Action from the Superior Court of Buncombe County, North

Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division.

This the 20th day of August, 2025.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ L. Andrew Watson
L. Andrew Watson
NC Bar No. 41812
N. Khrystyne Rasmussen
NC Bar No. 55223
11525 N. Community House Rd., Ste. 300
Charlotte, North Carolina 28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: awatson@butler.legal
ksmith@butler.legal
*Attorneys for Twin City Fire Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **TWIN CITY'S NOTICE OF REMOVAL** by electronic filing, with the United States District Court for the Western District of North Carolina on the 20th day of August, 2025, by using the CM/ECF system, and via email, which will provide notice to the following:

> Tikkun Gottschalk
> Searson, Jones, Gottschalk & Cash, PLLC
> 21 Battery Park Avenue, Suite 205
> Asheville, NC 28801
> tikkun@lawyersasheville.com
> *Attorney for Plaintiff*

           /s/ L. Andrew Watson
           L. Andrew Watson